**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KENLY AGLEDOR,

Petitioner,

v. Case No. 3:26-cv-2013-WWB-PDB

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 1). Petitioner contends that on July 21, 2026, he went before an immigration judge for a bond hearing but was denied bond because he is "an alleged risk of flight." (*Id.* at 6). He argues that in making the bond determination, the immigration judge failed to adequately weigh Petitioner's "significant equities," such as adequate consideration of release conditions, inadequate consideration of pending criminal allegations, and adequate consideration of medical ailments. (*See generally id.*). As relief, he requests, *inter alia*, a new bond hearing. (*Id.* at 10).

Federal Respondents filed a Response arguing that a challenge to the immigration judge's discretionary bond decision is not proper for a habeas proceeding and this Court lacks jurisdiction to consider Petitioner's challenge. (Doc. 6). To that end, they contend the Petition should be denied. (*Id.*).

The Court agrees. Indeed, this Court lacks jurisdiction to sit in review of an immigration judge's discretionary finding that an alien is a flight risk and therefore should

be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, Petitioner was provided with a bond hearing, and nothing suggests that the immigration judge failed to make factual findings or conduct an individualized determination. To the extent that Petitioner disagrees with the immigration judge's determination, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the immigration judge's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79.

Also, to the extent that Petitioner complains about the conditions of his confinement, such claims may be properly raised in a civil rights complaint—not a habeas petition*.* *See generally Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement. And, in any event, even if Petitioner established a constitutional violation, he would not be entitled to the relief he seeks because release from imprisonment is not an available remedy for a conditions-of-confinement claim." (citations omitted)). As such, the Petition is dismissed without prejudice to Petitioner's right to refile a § 2241 petition that clearly sets forth allegations about how his detention allegedly violates the Constitution and sets forth relief that is cognizable under § 2241.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Warden's Motion to Dismiss (Doc. 5) is **DENIED**.

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on November 3, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: Kenly Agledor, A210003889
Counsel of record